IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Floyd Curry, | ) | CASE NO. 1:04 CV 1375 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| U.S. Bulk Transport, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM OPINION |

This matter is before the Court on Defendants, U.S. Bulk Transport, Inc., Dave Priddy and Eric Sussman's Motion for Summary Judgment. Plaintiff, Floyd Curry, claims that he was injured as a result of the Defendants' negligence. Defendants contend that Mr. Curry's injuries were the result of an accident and there is no evidence of negligence on their part. For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

## Summary Judgment Standard

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal

issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made

-3-

> on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## Facts[1]

The basic facts in this case are not in dispute. The lawsuit stems from an incident that occurred on April 3, 2002. Plaintiff, Mr. Curry, was employed as a warehouse manager at American Metal Chemical Corporation ("AMCC"). (Brief in Opp. at 2). As part of his duties there Mr. Curry would direct dump truck drivers on where to dump their loads, and would act as a "ground guy," directing the trucks as to when to stop, when to raise the truck bed, and otherwise direct the trucks as they dumped their inventory. (Curry Depo. at 17, 25-26).

In this instance, Defendant, Mr. Priddy was driving a truck hauling a load of potassium sulfate. (Brief in Opp. at 2). The truck was owned by Defendant Eric Susman, and was leased to Defendant U.S. Bulk Transport, Inc. (Brief in Opp. at 2). When Mr. Priddy arrived at AMCC on the morning in question he was directed by Mr. Curry as to where to dump the potassium sulfate. (Brief in Opp. at 2). As Mr. Priddy was dumping, some of the potassium sulfate "adhesed" or stuck to the bulkhead of the truck. (Brief in Opp. at 2).

The Plaintiff testified in his deposition that when material adheres to the bulkhead of a truck, normally, the procedure would be to "raise it up" and let "gravity take[] its course and it comes off." If this does not work, then trucks may use a vibrator to shake the load loose. (Curry Depo. at 17, 35-36). Plaintiff also testified that the driver, Mr. Priddy, could not have known that material was adhering to the bulkhead because he can't see. (Curry Depo. At 39).

There is no recognized signal to tell the driver that the load has adhered to the bulkhead. (Curry Depo. at 27, 39). When this occurs, the "ground guy" or spotter is trained to signal the

---

[1] The facts are viewed in the light most favorable to Mr. Curry, the non-moving party. Unless otherwise stated, the facts as presented have been taken from Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment and from Plaintiff's Deposition testimony.

-5-

driver to stop raising the bed, walk up to the driver's side of the truck and tell the driver to use the vibrator, then to go back to the back of the truck and see if the material is coming off. (Curry Depo. at 27). In this case, Mr. Curry did not signal Mr. Priddy to stop raising the bed because some of the material was coming off, and it was almost completely raised when he noticed the material adhering. (Curry Depo. at 27, 37-38). Instead he allowed Mr. Priddy to continue raising the bed as he walked up to the cab to tell him that material was sticking and he should use the vibrator. (Curry Depo. at 27-28, 38).

Before Mr. Curry could tell Mr. Priddy that the potassium sulfate was sticking to the bulkhead, the weight of the adhesed material caused the truck to overturn. (Brief in Opp. at 2, 3; Curry Depo. at 41). As he approached the driver's side of the cab, Mr. Curry heard a loud noise as a the truck began to tip, and he ran to get out of the way. (Brief in Opp. at 2, 3; Curry Depo. at 38-39, 41). As he was running he stepped on a large piece of potassium sulfate and fell, injuring his elbows and his right knee. (Brief in Opp. at 3; Curry Depo. at 46-47).

## Analysis

The Amended Complaint in place when this case was removed to federal court included three Counts. The first count charges negligence in the dumping of the potassium sulfate. The second count charges negligence in loading/transporting the potassium sulfate; and the third count charges negligent hiring and retention of the driver Mr. Priddy. The Amended Complaint lists the Defendants identified above, as well as several John Doe Defendants.

On August 18, 2005, after briefing on the Summary Judgment Motion was complete, Plaintiff filed a Proposed Motion to Amend Complaint. This Court granted that motion on

-6-

August 23, 2005. The Second Amended Complaint eliminates the third cause of action in its entirety, and removes all John Doe defendants. Thus, the remaining claims are one count alleging negligent operation or maintenance of the truck, and one count of negligence for allegedly failing to properly apply a tarp over the load in order to prevent it from getting wet.

1. Count One

Mr. Curry claims that Mr. Priddy was negligent in his operation of the truck, and that this negligence was the cause of his injuries. "It is rudimentary that in order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." Menifee v. Ohio Welding Products, 15 Ohio St. 3d 75, 472 N.E. 2d 707 (1984). Negligence has also been defined as "the failure to do what a person of ordinary prudence would do under the circumstances. . ." Great Central Insurance v. Tobias, 37 Ohio St. 3d 127, 131, 524 N.E. 2d 168, 173 (1988).

As evidence of the duty of care, Plaintiff cites R.C. 4511.202 which requires that people operating a motor vehicle on a public road be in reasonable control of the vehicle. This statute has no application under the present facts. Mr. Priddy was not operating the vehicle on a public road at the time of the accident. Even if the statute did apply, violation of the statute would not constitute negligence per se. Negligence per se occurs only when a statute sets forth "'a positive and definite standard of care . . . whereby a jury may determine whether there had been a violation thereof by finding a single issue of fact.'" Sikora v. Wenzel, 88 Ohio St. 3d 493, 496, 727 N.E. 2d 1277, 1280 (2000), (quoting Chambers v. St. Mary's School, 82 Ohio St. 3d 563, 565, 697 N.E. 2d 198, 201, other citations omitted.). On the contrary, when violation of the statute can only be ascertained by evaluating multiple facts and circumstances and determining

-7-

reasonableness of a person's conduct, negligence per se does not apply. <u>Becker v. Shaull</u>, 62 Ohio St. 3d 480, 483, 584 N.E. 2d 684, 686 (1991). The statute cited by Plaintiffs requires a driver to be in reasonable control of their vehicle. This requires an evaluation of all the circumstances and a determination of reasonableness and, therefore, negligence per se does not apply.

Plaintiff also suggests that negligence can be established in this case through the doctrine of *res ipsa loquitur*. *Res Ipsa Loquitur* allows the fact finder to infer negligence where "the instrumentality or thing which caused the injury complained of is shown to be under the management and control of a defendant, and the accident is such as in the ordinary course of events does not happen if proper management and control is exercised." 29 Ohio Jurisprudence, 631. In this case the thing which allegedly caused the injury was the process of dumping the potassium sulfate from the truck. This process was, according to Plaintiff's own testimony, not within the Defendants' exclusive management and control. Plaintiff testified that he was directing Mr. Priddy and acting as his spotter as he dumped the material. (Curry Depo at 34-35). Thus, Plaintiff contributed to the management and control of the process.

Plaintiff also testified that Mr. Priddy could not have known that there was a problem with the material adhering and that he did not tell Mr. Priddy to stop lifting the truck bed when he noticed the problem, himself. (Curry Depo. at 37, 39). Plaintiff's brief chides Defendants for suggesting that Mr. Priddy could not have been negligent because he did not know that the material was clumping. However, knowledge of the potential risks or danger of one's behavior is part of assessing foreseeability which is an element of determining negligence. "[I]n the absence of the requisite knowledge, appellees could not have foreseen or reasonably anticipated the

-8-

decedent's injuries and, as a matter of law, cannot be held liable for negligence." Menifee v. Ohio Welding Products, 15 Ohio St. 3d at 77, 472 N.E. 2d at 710 (citing Johnson v. Kosmos Portland Cement Co., (C.A. 6, 1933), 64 F. 2d 193; Hetrick v. Marion-Reserve Power Co., (1943), 141 Ohio St. 347 [25 O.O. 467].).

Further, if Mr. Priddy did not know there was a problem, it was reasonable for him to continue raising the truck bed. Even the Plaintiff acknowledged that by the time he realized there was a problem, even he did not signal Mr. Priddy to stop because some of the material was continuing to fall off the truck and "normally if it's adhesed to the bulkhead, you raise it up, gravity takes it course and it comes off." (Curry Depo. at 35). If it doesn't fall off, the spotter then asks the driver to turn on the vibrator. In this case, the truck began to tip before Mr. Curry had told Mr. Priddy about the problem, and before he could ask him to turn on the vibrator. (Curry Depo. at 38, 39). There is an abundance of testimony from the Plaintiff himself, indicating that Mr. Priddy's actions were reasonable and normal, and absolutely no evidence whatsoever that any the Defendants were negligent in operating or maintaining the vehicle. Sometimes an accident, is just that, an accident without fault. Therefore, summary judgment on this issue is warranted in favor of the Defendants.

2. Count Two

Mr. Curry contends that because the potassium sulfate adhered to the bulkhead, the Defendants must have been negligent in allowing the material to get wet. The Plaintiff bears the burden of proving negligence. The Defendants, or moving parties, have set forth undisputed evidence showing that Mr. Priddy put a tarp over the load when he picked it up, in order to keep it


from getting wet. (Priddy Depo. at 16-17). Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Thus, the burden, in this case shifted to the Plaintiff to produce evidence that Mr. Priddy's use of the tarp was somehow negligent. He has produced no such evidence. Rather he has relied on the same unsupported and conclusory allegations that were set forth in the Amended Complaint. The mere fact that the potassium sulfate adhered to the bulkhead may be evidence that it was exposed to moisture, but it does not provide any evidence that this was the result of negligence. There is no evidence whatsoever that the tarp was negligently attached, or that any of the defendants breached a duty to Mr. Curry through their handling of the material.

The Federal Rules identify the penalty for failure to set forth evidence of conflict of material fact by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. Id. Therefore, summary judgment is warranted on this issue in favor of the Defendants.

## Conclusion

For the reasons set forth above, Defendants' motion for summary judgment is hereby GRANTED, and this case is dismissed with prejudice, each party to bear its own costs.

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: *August 26, 2005*